UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**MARCUS J. LAWRENCE**                                                        **PLAINTIFF**

v.                                                       **CIVIL ACTION NO. 3:14CV-P740-JGH**

**JOHN R. GRISE** *et al.*                                                      **DEFENDANTS**

**MEMORANDUM OPINION**

Plaintiff Marcus J. Lawrence, a *pro se* prisoner incarcerated at the Kentucky State Reformatory (KSR), initiated this action by filing a handwritten document on his own paper titled "Title 18 U.S.C.A. Motion, Writ Petition & Court Order for Violent Criminal Offense Sanctions" (DN 1). On the first page of the document, Plaintiff additionally wrote, "Criminal & Civil Complaint Against 'Persons' Listed as Defendants." Shortly thereafter, he filed a virtually identical complaint which was filed as an amended complaint (DN 3).

By Memorandum Opinion and Order entered January 6, 2015, the Court construed the complaint and amended complaint as attempting to bring both a criminal and a civil action; dismissed the criminal complaint and its amendment; and construed the civil complaint and its amendment as being brought under 42 U.S.C. § 1983 (DN 4). The Court ordered Plaintiff to file his civil action on a § 1983 form; either to pay the $400 filing fee or file an application to proceed without prepayment of fees along with a certified copy of his trust account statement; and complete and return a summons form for each named Defendant. The Court warned Plaintiff that his failure to comply with the Order within 30 days of its entry would result in dismissal of the action. The 30-day compliance period has expired, and a review of the record reveals that Plaintiff has failed to comply.

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action if a plaintiff fails to prosecute or to comply with an order of the court. *See Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) ("Fed. R. Civ. P. 41(b) recognizes the power of the district court to enter a *sua sponte* order of dismissal."). "[W]hile *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Id.* "[T]he lenient treatment of *pro se* litigants has limits. Where, for example, a *pro se* litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). Additionally, courts have inherent power "acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962).

Plaintiff having failed to prosecute and to comply with a straightforward Court Order containing an easily understood deadline, the action will be dismissed by separate Order.

Date:

cc: Plaintiff, *pro se*
4412.005

2